SUMMARY ORDER

Bao Di Lin, a native and citizen of the People’s Republic of China, seeks review of a March 31, 2006 order of the BIA affirming' the November 9, 2005 order of Immigration Judge (“IJ”) Gabriel C. Videla, denying his motion to reopen his proceedings to file a successive asylum application. In re Bao Di Lin, No. A29 879 052 (B.I.A. Mar. 31, 2006), aff'g No. A29 879 052 (Immigr. Ct. N.Y. City Nov. 9, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA affirms the IJ’s decision without opinion, this Court reviews the IJ’s decision as the final agency determination. See Iouri v. Ashcroft, 487 F.3d 76, 81 (2d Cir.2007). We review the agency’s denial of a motion to reopen for abuse of discretion. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006).
The Immigration and Nationality Act and its implementing regulations provide that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the movant seeks reopening to apply for asylum or withholding of removal based on changed circumstances arising in his country of nationality, if the evidence submitted is material and was unavailable and undiscoverable at the time of his hearing before the IJ. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(h). Here, it is undisputed that Lin’s motion to reopen was untimely.
Notwithstanding the untimeliness of his motion, Lin argues that he was authorized to file a successive asylum application under 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 1208.4 because the birth of his children in the United States constitutes changed circumstances that materially affect his eligibility for asylum. However, the BIA has rejected precisely this argument in a prec-edential decision, see Matter of C-W-L-, 24 I. & N. Dec. 346, 347 (B.IA.2007), and we have accorded Chevron deference to that decision, see Yuen Jin v. Mukasey, 538 F.3d 143, 152 (2d Cir.2008). Because this case is squarely controlled by Matter o/C-W-L- and Yuen Jin, Lin’s arguments fail.
Lin argues that this Court’s decision in Yuen Jin is inconsistent with Dada v. Mu- *491 kasey, — U.S.-, 128 S.Ct. 2307, 171 L.Ed.2d 178 (2008). According to Lin, Dada prohibits the BIA from interpreting the agency’s procedural regulations in a manner that results in the foreclosure of a statutorily guaranteed avenue of relief. Lin contends that Yuen Jin, by sanctioning the BIA’s imposition of “unrealistic filing deadlines,” effectively precludes an alien from pursuing a successive asylum application and thus runs afoul of Dada.
Lin’s reliance on Dada is misplaced. In Dado, the Supreme Court held that a petitioner must be permitted an opportunity to withdraw a previously filed request for voluntary departure in order to file a timely motion to reopen. Dada, 128 S.Ct. at 2319-20. Lin is correct that the Supreme Court in Dada was concerned with safeguarding an alien’s statutory right to file a motion to reopen. See id. However, the Supreme Court explicitly acknowledged that an alien exercising this right is subject to the time and numerical limitations applicable to such a motion. See id. at 2315-16. Neither the BIA’s decision in Matter of C-W-L nor this Court’s decision in Yuen Jin forecloses an alien’s opportunity to pursue a successive asylum application; rather, Matter of C-W-L- and Yuen Jin merely clarify that a successive asylum application must be filed in accordance with the procedural requirements for motions to reopen. See Yuen Jin, 538 F.3d at 156; Matter of C-W-L-, 24 I. & N. Dec. at 347.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).